FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2016 MAY 19  AM 11: 59

STEPHAN HARRIS, CLERK
CASPER

Stuart R. Day WSB # 5-2244
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400 (82601)
P.O. Box 10700
Casper, WY 82602-3902
Telephone: 307-265-0700
Facsimile: 307-266-2306

James K. Tracy (*pro hac vice application pending*)
Robert S. Tippett (*pro hac vice application pending*)
James C. Dunkelberger (*pro hac vice application pending*)
Trevor M. Crowley (*pro hac vice application pending*)
BENNETT TUELLER JOHNSON & DEERE
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone:  801-438-2000
Facsimile: 801- 438-2050

*Attorneys for Plaintiff Geraldine Farnsworth-Russell*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GERALDINE KAY FARNSWORTH-RUSSELL, | **COMPLAINT** |
| Plaintiff, | |
| v. | Case No. 16 CV 130 · J |
| PATRICIA L. FARNSWORTH ALLEN, an individual; and PATRICIAL L. FARNSWORTH ALLEN, as trustee of the AMENDED AND RESTATED GERALD G. FARNSWORTH TRUST u/a/d 09/20/2000 and the AMENDED AND RESTATED EMMA L. FARNSWORTH TRUST u/a/d 09/20/2000, | |
| Defendant. | |

Receipt # CASI(172
Summons: ____ issued
     ✓ not issued

Plaintiff Geraldine Kay Farnsworth-Russell ("***Farnsworth-Russell***"), formerly known as Geraldine K. Reynolds, by and through her counsel, hereby complains against the above-named defendant, and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1.     Farnsworth-Russell is an individual residing in Weber County, State of Utah, formerly known as Geraldine K. Reynolds.

2.     Upon information and belief, Defendant Patricia L. Farnsworth Allen ("***Allen***") is an individual residing in Lafayette, Louisiana.

3.     Allen is a co-trustee of the Gerald G. Farnsworth Trust dated September 20, 2000, as amended and restated September 8, 2004, and as further amended on September 27, 2006 (the "***Gerald Farnsworth Trust***").

4.     Allen is also a co-trustee of the Emma L. Farnsworth Trust dated September 20, 2000, as amended and restated September 8, 2004 (the "***Emma Farnsworth Trust***" and, together with the Gerald Farnsworth Trust, the "***Farnsworth Trusts***").

5.     Stephen Hill ("***Hill***") is named as a co-trustee of the Farnsworth Trusts in the trust instruments.  Hill claims that he has resigned as co-trustee of the Farnsworth Trusts and is not named in this lawsuit.

6.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) insofar as Farnsworth-Russell and Allen are each citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

7.      This Court has personal jurisdiction over Allen in that she is a trustee and fiduciary of the Farnsworth Trusts, of which the principal place of administration is within the State of Wyoming, and of which the situs is or has been in the State of Wyoming, and has therefore submitted personally to jurisdiction in this state pursuant to Wyo. Stat. § 4-10-202.

8.      Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district, and because a substantial part of the property that is the subject of the action is situated within this district.

## GENERAL ALLEGATIONS

9.      Farnsworth-Russell is one of four surviving children of Gerald and Emma Farnsworth.

10.     The other children of Gerald and Emma Farnsworth include Allen, Thomas E. Farnsworth, and Michael E. Farnsworth.

11.     Gerald Farnsworth passed away in 2006; Emma Farnsworth passed away on September 23, 2011.

12.     Farnsworth-Russell is a beneficiary of the Emma Farnsworth Trust. Farnsworth-Russell is a beneficiary of an irrevocable trust established for her benefit under the terms of the Gerald Farnsworth Trust.  To the extent that Farnsworth-Russell is not a direct beneficiary of the Gerald Farnsworth Trust, she is a beneficiary of the irrevocable trust for her benefit that is created under the Gerald Farnsworth Trust of which Allen is the named trustee, and is therefore entitled to the relief requested herein with respect to that trust.

13.     Under the terms of the Farnsworth Trusts[1] and under Wyoming law,[2] Farnsworth-Russell is entitled to an annual accounting of trust property, asset values, and trust expenses (among other things).

14.     Farnsworth-Russell is also entitled to be kept reasonably informed of the administration of the Farnsworth Trusts and to receive a prompt response to any request for information related to the administration of the Farnsworth Trusts.

15.     Under the terms of the Farnsworth Trusts and under Wyoming law, Allen has a duty, corresponding to Farnsworth-Russell's rights described above, to (among other things): (a) provide an accounting, at least annually, of the Farnsworth Trust's assets, the value of those assets, trust expenses, etc.; (b) keep Farnsworth-Russell reasonably informed of the administration of the Farnsworth Trusts; and (c) promptly respond to any request for information related to the administration of the Farnsworth Trusts.

16.     Farnsworth-Russell has requested a full accounting of the Farnsworth Trusts numerous times including, without limitation, by (a) letter dated September 2, 2014 (the

---

[1] Both of the Farnsworth Trusts contain an accounting provision, which reads: "After my death an accounting showing trust receipts and disbursements and the property comprising each trust shall be given at least annually to each beneficiary to whom trust income then may be or is payable or to the beneficiary's guardian, parent or person standing in loco parentis to the beneficiary." Gerald Farnsworth Trust Article Fifth (l); Emma Farnsworth Trust Article Fifth(l).

[2] Wyoming Statutes Annotated § 4-10-813(c) provides, in pertinent part: "A trustee shall send to qualified beneficiaries, at least annually and at the termination of the trust, a report of the trust property, liabilities, receipts and disbursements, including the amount of the trustee's compensation, . . . the allocation of receipts, disbursements, trustee compensation and expenses of administration between income and principal, a listing of the trust assets and, if feasible, their respective market values."

"*September 2014 Letter*"); (b) letter dated November 21, 2014; (c) letter dated May 21, 2015; (d)

letter dated June 29, 2015; (e) email dated August 12, 2015; (f) letter dated December 24, 2015;

(g) various telephone conferences through counsel, including two calls during the week of January

18, 2016 (collectively, the "*Accounting Requests*").

17.    To illustrate, the September 2014 Letter requested:

1)    A detailed inventory of all trust property, including values, as of the date the [Farnsworth Trusts] became irrevocable.

2)    An itemized list of all property that has been received by each trust and the dates of those receipts.

3)    An itemized list of all investments that have been made with trust property, in each case listing the amount of the investment.

4)    An itemized list of all trust assets that have been sold, in each case listing the sale price.

5)    An itemized list of all loans that have been made with trust assets. For each loan, please provide the amount of the loan, the name of the borrower, the date of the loan, the interest rate, the maturity date, and the security, if any, that was provided for the loan. For each loan, please also indicate whether the loan has been repaid.

6)    An itemized list of all income that has been generated by trust assets (e.g. stock dividends that have been received, interest that has been received on bonds and bank accounts, interest that has been received on loans of trust funds, income that has been received from real estate investments, and the like), and the dates on which those income items were received.

7)    An itemized list of all trust expenses that have been incurred and all disbursements that have been made.

8)    An itemized list of all distributions that have been made from each trust.

9)    An itemized list of all property that is currently held in each trust, including values.

10)    A description of all other matters pertaining to each trust of which Ms. Russell and Bank of Utah should be aware in order to be fully informed regarding the trust's affairs.

18.     Under the terms of the Farnsworth Trusts and under Wyoming law, Farnsworth-Russell was entitled to receive each item of information requested in the September 2014 Letter.

19.     The later Accounting Requests renewed, reiterated, and reemphasized the September 2014 Letter and Farnsworth-Russell's entitlement to the information requested.

20.     Allen refused or failed to provide a full and/or adequate response to the September 2014 Letter or any of the subsequent Accounting Requests.

21.     During the period that Farnsworth-Russell was making the Accounting Requests, Allen, through counsel, provided fragments of information piecemeal to Farnsworth-Russell.

22.     However, because the information provided was incomplete, the information provided was vague, confusing, and difficult to analyze.  Moreover, the information was only in draft form.  It was not, and did not purport to be, a final accounting.

23.     Further, Allen failed to ever provide a complete current list of trust assets and values, or any appraisals to demonstrate the value of the trust properties.

24.     Under the terms of the Gerald Farnsworth Trust, the Gerald Farnsworth Trust assets were to be held in trust for Emma Farnsworth's benefit during her lifetime.  Upon the death of Emma Farnsworth, the Gerald Farnsworth Trust provided that its assets would be divided among Gerald and Emma Farnsworth's children—each receiving a one-fourth share.

25.     As mentioned above, the Gerald Farnsworth Trust mandated that Farnsworth-Russell's one-fourth share be held in a trust (the "*Farnsworth-Russell Trust*") that was to be created for Farnsworth-Russell's benefit with Allen and Hill serving as trustees.

26.     To date, the Farnsworth-Russell Trust has not been created or funded.

27.     The assets that should be transferred to the Farnsworth-Russell Trust total approximately $500,000.

## FIRST CLAIM FOR RELIEF
### (Accounting)

28.     Farnsworth-Russell incorporates all preceding allegations as if fully set forth herein.

29.     Farnsworth-Russell is a qualified beneficiary of the Emma Farnsworth Trust and the Farnsworth-Russell Trust pursuant to Wyoming Statutes § 4-10-103.[3]

30.     Pursuant to Wyoming Statutes § 4-10-813 and the terms of the Farnsworth Trusts, Allen owes Farnsworth-Russell a duty to (1) send a report of trust property, liabilities, receipts, disbursements, trustee compensation, and a list of trust assets and their market values at least annually; (2) keep Farnsworth-Russell reasonably informed about the administration of the Farnsworth Trusts and the Farnsworth-Russell Trust and of the material facts necessary for Farnsworth-Russell to protect her interests, and (3) promptly respond to Farnsworth-Russell's reasonable requests for information related to the administration of the Farnsworth Trusts and the Farnsworth-Russell Trust.

31.     Farnsworth-Russell, through her counsel, has sent Allen reasonable requests for information related to the administration of the Farnsworth Trusts.

---

[3] Wyoming Statutes Annotated § 4-10-103 provides that "Qualified beneficiary" includes "[a] beneficiary who is currently entitled to mandatory distributions of income or principal from the trust or has a vested remainder interest in the residuary of the trust which is not subject to divestment.

32.     Allen has failed and refused to respond adequately to each of Farnsworth-Russell's requests for information related to the administration of the Farnsworth Trusts. Allen has provided only piecemeal information to Farnsworth-Russell and has failed to provide any appraisals or other indicia of the value of the property held in the Farnsworth Trusts. Allen has also provided information in draft form, rather than final form.

33.     Farnsworth-Russell is entitled to an accounting pertaining to the administration of the Farnsworth Trusts, including but not limited to a report of the Trust property; liabilities, receipts, and disbursements, including the amount of Allen's compensation; the allocation of receipts, disbursements, and expenses of administration between income and principal; and a listing of the Trust's assets and market values from the date of receipt of the trust property to December 31, 2015.

34.     Farnsworth-Russell is entitled to an accounting that is final, accurate, and complete, rather than incomplete or in draft form.

35.     Farnsworth-Russell is therefore entitled to a judgment as described in paragraph 1 of the Prayer for Relief.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

36.     Farnsworth-Russell incorporates all preceding allegations as if fully set forth herein.

37.     A ripe, cognizable dispute exists between the parties regarding, without limitation, Allen's distribution of (or failure to distribute) property from the Emma Farnsworth Trust to Russell.

38.     Emma Farnsworth died on September 23, 2011.

39.     Under the terms of the Emma Farnsworth Trust, Farnsworth-Russell is entitled to receive outright a one-fourth share of the Emma Farnsworth Trust's assets.  Farnsworth-Russell has not received the amount to which she is entitled.

40.     The Uniform Declaratory Judgments Act (the "*Act*"), Wyoming Statutes § 1-37-101 *et seq.*, and specifically pursuant to Wyoming Statutes § 1-37-105 permits the Court to "direct . . . trustees to do or abstain from doing any particular act in their fiduciary capacity," or to "determine any question arising in the administration of the estate or trust."

41.     Farnsworth-Russell is entitled to an order and judgment declaring and directing Allen to distribute immediately one-fourth of the assets of the Emma Farnsworth Trust (or their cash equivalent) to Farnsworth-Russell outright.

42.     Farnsworth-Russell is therefore entitled to a judgment as described in paragraph 2 of the Prayer for Relief.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

43.     Farnsworth-Russell incorporates all preceding allegations as if fully set forth herein.

44.     A ripe, cognizable dispute exists between the parties regarding, without limitation, Allen's distribution of (or failure to distribute) property from the Gerald Farnsworth Trust to the Farnsworth-Russell Trust.

45.     The Gerald Farnsworth Trust (as amended) provides for the creation of the Farnsworth-Russell Trust for Farnsworth-Russell's benefit.

46.     The Gerald Farnsworth Trust further provides that one-fourth of the assets in the Gerald Farnsworth Trust would fund the Farnsworth-Russell Trust.

47.     Gerald Farnsworth died in 2006, and the Gerald Farnsworth Trust provided that it was to be held for the benefit of Emma Farnsworth until her death in 2011. Since Emma Farnsworth passed away in 2011, Allen has failed and refused to distribute one-fourth of the assets in the Gerald Farnsworth Trust to the Farnsworth-Russell Trust.

48.     Pursuant to the Act, Farnsworth-Russell is entitled to an order and judgment declaring and directing Allen to distribute immediately one-fourth of the assets of the Gerald Farnsworth Trust (or their cash equivalent) to the Farnsworth-Russell Trust.

49.     Farnsworth-Russell is therefore entitled to a judgment as described in paragraph 3 of the Prayer for Relief.

## FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

50.     Farnsworth-Russell incorporates all preceding allegations as if fully set forth herein.

51.     Pursuant to Wyoming Statutes §§ 4-10-801 to 4-10-816, Allen owes Farnsworth-Russell, without limitation, the following duties:

       a.     To administer the Farnsworth Trusts and the Farnworth-Russell Trust in good faith, in accordance with their terms and purposes and Farnsworth-Russell's interests;

       b.     To administer the Farnsworth Trusts and the Farnsworth-Russell Trust solely in Farnsworth-Russell's interest, regardless of Allen's self-interest;

       c.     To administer the Farnsworth Trusts and the Farnsworth-Russell Trust as a prudent person would, by considering the purposes, terms, distributional requirements, and other circumstances of the Farnsworth Trusts and the Farnsworth-Russell Trust, and to exercise reasonable care, skill, and caution in doing so; and

       d.     To keep Farnsworth-Russell, as a qualified beneficiary, reasonably informed about the administration of the Farnsworth Trusts and the Farnsworth-Russell Trust and of the material facts necessary for her to protect her interests, and to respond to Farnsworth-Russell's reasonable requests for information related to the administration of the Farnsworth Trusts and the Farnsworth-Russell Trust.

52.     Allen has materially breached each of the above-described fiduciary duties by, without limitation, (1) failing and refusing to provide a full accounting of the Farnsworth Trusts;

(2) failing and refusing to respond to Farnsworth-Russell's reasonable requests for information or to keep Farnsworth-Russell reasonably informed regarding the administration of the Farnsworth Trusts; (3) failing and refusing to make the proper disbursement to Farnsworth-Russell under the Emma Farnsworth Trust; (4) failing and refusing to fund the Farnsworth-Russell Trust.

53.     As a direct and proximate result of Allen's conduct, Farnsworth-Russell has sustained significant damages in an amount to be proven at trial and Farnsworth-Russell is further entitled to disgorgement of any profits Allen has obtained as a result of her mismanagement of the Farnsworth Trusts and the Farnsworth-Russell Trust.

54.     Farnsworth-Russell is therefore entitled to a judgment as described in paragraph 4 of the Prayer for Relief.

### FIFTH CLAIM FOR RELIEF
#### (Breach of Trust)

55.     Farnsworth-Russell incorporates all preceding allegations as if fully set forth herein.

56.     Pursuant to Wyoming Statutes § 4-10-1001(a), a violation by a fiduciary of a duty the fiduciary owes to a beneficiary is a breach of trust.

57.     As alleged above, Allen has materially breached each of the above-described fiduciary duties by, without limitation, (1) failing and refusing to provide a full accounting of the Farnsworth Trusts; (2) failing and refusing to respond to Farnsworth-Russell's reasonable requests for information or to keep Farnsworth-Russell reasonably informed regarding the administration of the Farnsworth Trusts; (3) failing and refusing to make the proper disbursement to Farnsworth-

Russell under the Emma Farnsworth Trust; (4) failing and refusing to fund the Farnsworth-Russell Trust.

58.     As a direct and proximate result of Allen's conduct, Farnsworth-Russell has sustained significant damages in an amount to be proven at trial and Farnsworth-Russell is further entitled to disgorgement of any profits Allen has obtained as a result of her mismanagement of the Farnsworth Trusts and the Farnsworth-Russell Trust.

59.     Farnsworth-Russell is therefore entitled to a judgment as described in paragraph 5 of the Prayer for Relief.

**SIXTH CLAIM FOR RELIEF**
**(Removal of Allen as Trustee of the Russell Trust)**

60.     Farnsworth-Russell incorporates all preceding allegations as if fully set forth herein.

61.     As alleged herein, Allen, as trustee of the Farnsworth-Russell Trust, has committed serious breaches of trust including, without limitation:

a.      Failure to account to Farnsworth-Russell for the Farnsworth-Russell Trust's assets;

b.      Failure to otherwise keep the beneficiaries of the Farnsworth-Russell Trust informed regarding the Farnsworth-Russell Trust's assets and administration;

c.      Failure to distribute assets to the Farnsworth-Russell Trust in a timely and expeditious manner; and

d.    Failure to otherwise administer the Farnsworth-Russell Trust in Farnsworth-Russell's best interest or in accordance with the terms of the Farnsworth-Russell Trust.

62.    As such, Allen, upon information and belief, has mismanaged the Farnsworth-Russell Trust, acted in self-interest, and failed to act consistently with the purposes of the Farnsworth-Russell Trust, is unfit and unwilling to serve as trustee and has persistently failed to administer the Farnsworth-Russell Trust effectively.

63.    Farnsworth-Russell, who is the sole qualified beneficiary of the Farnsworth-Russell Trust, requests, and is entitled to, removal of Allen as trustee of the Farnsworth-Russell Trust.

64.    Removal of Allen as trustee of the Farnsworth-Russell Trust best serves the interests of Farnsworth-Russell and is not inconsistent with a material purpose of the Farnsworth-Russell Trust.

65.    A suitable successor trustee is available.

66.    Farnsworth-Russell is therefore entitled to a judgment as described in paragraph 6 of the Prayer for Relief.

## SEVENTH CLAIM FOR RELIEF
**(Removal of Allen as Trustee of the Gerald Farnsworth Trust)**

67.    Farnsworth-Russell incorporates all preceding allegations as if fully set forth herein.

68.    As alleged herein, Allen, as trustee of the Gerald Farnsworth Trust, has committed serious breaches of trust including, without limitation:

a.      Failure to account to Farnsworth-Russell for the Gerald Farnsworth Trust's assets;

b.      Failure to otherwise keep the beneficiaries of the Gerald Farnsworth Trust informed regarding the Gerald Farnsworth Trust's assets and administration;

c.      Failure to create timely the Farnsworth-Russell Trust according to the terms of the Gerald Farnsworth Trust;

d.      Failure to distribute assets of the Gerald Farnsworth Trust in a timely and expeditious manner; and

e.      Failure to otherwise administer the Gerald Farnsworth Trust in Farnsworth-Russell's best interest or in accordance with the terms of the Gerald Farnsworth Trust.

69.      As such, Allen, upon information and belief, has mismanaged the Gerald Farnsworth Trust, acted in self-interest, and failed to act consistently with the purposes of the Gerald Farnsworth Trust, is unfit and unwilling to serve as trustee and has persistently failed to administer the Gerald Farnsworth Trust effectively.

70.      Farnsworth-Russell therefore requests, and is entitled to, removal of Allen as trustee of the Gerald Farnsworth Trust.

71.      Removal of Allen as trustee of the Gerald Farnsworth Trust best serves the interests of Farnsworth-Russell and is not inconsistent with a material purpose of the Trust.

72.      A suitable successor trustee is available.

73.      Farnsworth-Russell is therefore entitled to a judgment as described in paragraph 7 of the Prayer for Relief.

## **PRAYER FOR RELIEF**

**WHEREFORE** Farnsworth-Russell prays for relief against Allen as follows:

1.      On Farnsworth-Russell's First Claim for Relief, which asserts a claim for an accounting of the Farnsworth Trusts pursuant to Wyoming Statutes Annotated § 4-10-813 and the terms of the Farnsworth Trusts, for an order requiring Allen to provide a full and complete accounting of, without limitation, all trust property, the value of each trust asset, and all other information required under the terms of the Farnsworth Trusts and Wyoming law.

2.      On Farnsworth-Russell's Second Claim for Relief, which asserts a claim for declaratory relief against Allen pursuant to the Act, for an order and judgment declaring that Farnsworth-Russell is entitled to a distribution in full of her one-quarter interest in the Emma Farnsworth Trust.

3.      On Farnsworth-Russell's Third Claim for Relief, which asserts a claim for declaratory relief against Allen pursuant to the Act, for an order and judgment declaring that Farnsworth-Russell is entitled to a distribution of a one-quarter interest in the Gerald Farnsworth Trust to the Farnsworth-Russell Trust, in addition to an award of reasonable costs pursuant to Wyo. Stat. § 1-37-112.

4.      On Farnsworth-Russell's Fourth Claim for Relief, which asserts a claim for breach of fiduciary duty against Allen, for a judgment awarding Farnsworth-Russell her general, compensatory, and consequential damages, in an amount to be proven at trial, equal to Farnsworth-Russell's damages suffered as a result of Allen's breaches of fiduciary duty, together with pre- and

post-judgment interest in an amount to be provided under Wyoming law, the exact amount to be established at the trial of this matter.

5.      On Farnsworth-Russell's Fifth Claim for Relief, which asserts a claim for breach of trust against Allen, for an order and judgment pursuant to Wyoming Statutes §§ 4-10-1001 and 4-10-1002 (1) compelling Allen to deliver an accounting of the Farnsworth Trusts; (2) removing Allen as trustee of the Farnsworth-Russell Trust and the Farnsworth Trusts; (3) denying Allen compensation for her services as a fiduciary of the Farnsworth Trusts and the Farnsworth-Russell Trust and ordering that Allen disgorge any misappropriated funds; and (4) awarding Farnsworth-Russell her costs and expenses, including reasonable attorney's fees, to be paid by Allen from her personal funds and not from trust funds pursuant to Wyoming Statutes § 4-10-1004.  In addition that any attorney's fees incurred by Allen be paid by her personally and not from the Trust.

6.      On Farnsworth-Russell's Sixth Claim for Relief, which asserts a claim for removal of trustee against Allen, for an order and judgment removing Allen as trustee of the Farnsworth-Russell Trust.

7.      On Farnsworth-Russell's Seventh Claim for Relief, which asserts a claim for removal of trustee against Allen, for an order and judgment removing Allen as trustee of the Gerald Farnsworth Trust.

8.      For an award of attorney fees and as permitted by governing law and contract.

9.      For reasonable costs as permitted by governing law and pursuant to Wyo. Stat. § 1-37-112.

10.     For such other and further relief as the Court deems necessary, just, and proper.

**DATED** this 19th day May, 2016.

WILLIAMS, PORTER, DAY & NEVILLE, P.C.

Stuart R. Day WSB # 5-2244
159 North Wolcott, Suite 400 (82601)
P.O. Box 10700
Casper, WY 82602-3902
Telephone: 307-265-0700
Facsimile: 307-266-2306
sday@wpdn.net

BENNETT TUELLER JOHNSON & DEERE
James K. Tracy (Utah State Bar #6668)
Robert S. Tippett (Utah State Bar #12304)
Bennett, Tueller, Johnson & Deere
3165 East Millrock Drive, Suite 500
Salt Lake City, UT  84121
Telephone:  801/438-2000
Fax:  801/438-2050
Email: jtracy@btjd.com; dbrough@btjd.com
*Pro Hac Vice Applications Pendings*

Attorneys for Plaintiff
Geraldine Kay Farnsworth-Russell